IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60291
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEWAYNE DAMPER, also known as Sealed Defendant 2;
HAROLD DAMPER, also known as Sealed Defendant 1,

Defendants-Appellants.

- - - - - - - - - -
Appeals from the United States District Court
for the Southern District of Mississippi
(98-CR-5-2-PG)
- - - - - - - - - -
March 14, 2000

Before POLITZ, WIENER, and STEWART, Circuit Judges.

PER CURIAM:[*]

Defendants-Appellants Dewayne Damper and his brother, Harold Damper, appeal their convictions for aiding and abetting the possession with intent to distribute crack cocaine. They contend that (1) the district court abused its discretion in denying their severance motions, (2) the testimony of key government witnesses violated 18 U.S.C. § 201(c)(2) and should have been suppressed, (3) the evidence was insufficient to support their convictions, and (4) the district court clearly erred in calculating the quantity of crack cocaine attributable to them for sentencing purposes.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Dewayne Damper also argues that the district court (1) abused its discretion in denying his motion in limine to exclude evidence concerning a traffic stop, (2) committed reversible error when it admitted testimony under Federal Rule of Evidence 801(d)(2)(E), and (3) should have granted his motion for judgment of acquittal, or in the alternative a new trial, on the aiding and abetting charge because he was acquitted of the conspiracy charge; and that he should have been granted a new trial based on the government's interference with one of its witnesses.

Our review of the record and the arguments and authorities convinces us that no reversible error was committed. The district court did not abuse its discretion in denying the defendants' motions for severance. See United States v. Mitchell, 31 F.3d 271, 276 (5th Cir. 1994). As the defendants acknowledge, their § 201(c)(2) argument is foreclosed by this court's precedent. See United States v. Barnett, 197 F.3d 138, 144-45 (5th Cir. 1999); United States v. Haese, 162 F.3d 359, 366-68 (5th Cir. 1998), cert. denied, 119 S. Ct. 1795 (1999). The evidence was sufficient for a reasonable jury to find the defendants guilty beyond a reasonable doubt. See United States v. Jaramillo, 42 F.3d 920, 923 (5th Cir. 1995). The district court's factual findings concerning the quantity of cocaine attributable to each defendant for sentencing purposes was not clearly erroneous. See United States v. Davis, 76 F.3d 82, 84 (5th Cir. 1996); see United States v. Allibhai, 939 F.2d 244, 254 (5th Cir. 1991).

Dewayne Damper's separate challenges are also unavailing. The district court did not abuse its discretion in admitting the evidence of the traffic stop, thereby allowing the jury to evaluate all the circumstances under which Dewayne Damper acted.  See Haese, 162 F.3d at 364; see United States v. Royal, 972 F.2d 643, 647 (5th Cir. 1992).  His argument invoking Rule 801(d)(2)(E) is not adequately briefed and is deemed abandoned. See Green v. State Bar of Texas, 27 F.3d 1083, 1089 (5th Cir. 1994).  The inconsistent verdicts are not a bar to Dewayne Damper's conviction.  See United States v. Geiger, 190 F.3d 661, 664 (5th Cir. 1995).  Finally, as we perceive no improper interference with a witness's testimony by the government, there is no error, plain or otherwise.  See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc). AFFIRMED.